NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1447
_____

MICHAEL A. CAMPBELL,
                    Appellant

v.

TOWNSHIP OF NORTH BRUNSWICK;
MAYOR FRANCIS MAC WOMACK;
CHIEF JOSEPH BATTAGLIA;
CAPTAIN CORDELL HARRIS;
PATROLMAN JASON VALLESE;
PBA LOCAL 160

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-23-cv-01167)
District Judge:  Honorable Robert Kirsch

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: September 24, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Michael A. Campbell was employed as a police officer with the North Brunswick Police Department from 2002 to 2020. In December 2018, he filed a lawsuit in the Superior Court of New Jersey in which he brought discrimination and hostile work environment claims against a subset of the Defendants in the instant proceeding. Judgment in that case was entered in May 2021.

In February 2023, Campbell initiated the instant proceeding in which he presented racial discrimination (African-American), retaliation, and hostile work environment claims. He alleged that he documented an illegal room search conducted by other officers at the Farrington Inn in North Brunswick, and that he reported the incident shortly thereafter. He further alleged malfeasance related to racial profiling and a ticket quota system.

Campbell brought his claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 12203; the Fourteenth Amendment; the New Jersey Law Against Discrimination ("NJLAD"); the Conscientious Employee Protection Act ("CEPA"), and the Americans with Disabilities Act of 1990. He also brought a number of claims under state law, and a conspiracy claim under 18 U.S.C. § 241. The Defendants filed a motion for judgment on the pleadings, which the District Court granted. Campbell filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion for judgment on the pleadings, and will affirm only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219–20 (3d Cir. 2005). "We must view the facts presented in the pleadings and the

2

inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id. at 220. We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

We will affirm the District Court's judgment in all respects. First, the District Court correctly concluded that the bulk of Campbell's claims were barred by the applicable statutes of limitations under New Jersey law: one year for his CEPA claim and two years for his NJLAD, Fourteenth Amendment, and ADA claims. It arrived at this conclusion after determining that: the latest event underlying Campbell's claims occurred on May 1, 2020—the date of his retirement from the North Brunswick Police Department—and he filed his initial complaint on February 28, 2023, nearly three years later.

Similarly, the District Court rightly concluded that Campbell's Title VII claim was precluded by the principle of res judicata, New Jersey's "entire controversy" rule, and his state court case. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016) (discussing the principle of res judicata); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 139–42 (3d Cir. 1999) (discussing New Jersey's "entire controversy" rule). After determining that Campbell could have requested his right-to-sue letter 180 days after he filed his EEOC charge, or asked the Superior Court for a stay while he waited for the outcome of his EEOC proceeding, the District Court found that "even though he had not yet received his right-to-sue letter at the time the Superior Court entered its final judgment . . . [Campbell] could have, and should have, brought his Title VII claim in Superior Court. His failure to do so precludes his Title VII claim in the present suit."

3

Lastly, the District Court correctly determined that Campbell lacked standing to bring a claim under 18 U.S.C. § 241 as there is no private cause of action under this statute. It also accurately reasoned that, with respect to all of Campbell's claims, granting leave to amend would be futile because of the above-mentioned issues of untimeliness, preclusion, and lack of standing.

In his brief, Campbell does not present legal arguments challenging the District Court's reasoning, and instead reiterates his claims while emphasizing the lower standard to which he should be held as a pro se litigant. Campbell also filed a letter to the Court on July 18, 2024, in which he alleges that the Defendants have committed new acts of harassment, moral turpitude, and witness intimidation, and asks the Court to investigate his claims. In response, the Defendants filed a letter in which they deny Campbell's allegations of wrongdoing and correctly state that this Court is not the appropriate forum for Campbell to articulate these fresh concerns. To the extent Campbell seeks to introduce new facts or add claims, we cannot consider them absent exceptional circumstances not present here. See United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998).

Upon review, we concur with the District Court's conclusions, for the reasons that it provided related to preclusion, untimeliness, and lack of standing. Accordingly, we will affirm its judgment. We deny Campbell's request to investigate the allegations that he presents in his July 18, 2024, letter to the Court.